1  Stuart A. Shanus (SBN 188046)
   sshanus@reedsmith.com
2  Dominique Heller (SBN 260716)
   dheller@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA  90071-1514
   Telephone:  +1 213 457 8000
5  Facsimile:   +1 213 457 8080

6  Attorneys for Defendant Heather Mills

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 PARAPLUIE, INC., a California          No.: 2:11-cv:-02548 MMM (SSx)
   corporation,
12                                        [~~PROPOSED~~] **PROTECTIVE**
                    Plaintiff,            **ORDER**
13
             vs.
14                                        [Discovery Document: Referred to
15 HEATHER MILLS, an individual, and      Magistrate Judge Suzanne H. Segal]
   DOES 1-10, inclusive,
16
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

## STATEMENT OF GOOD CAUSE FOR PROTECTIVE ORDER

1.     This case involves a fraud claim relating to a dispute over payment for publicity services.  Discovery and trial of this case may involve the exchange of highly sensitive personal and business information.  Such information may include confidential business information of Defendant, including her non-public discussions of business opportunities, reasons for declining or accepting a business opportunity, non-public contract negotiations, personal information shared in confidence with Plaintiff, personal financial records, documents and information pertaining to spousal support, child support, child custody, divorce proceedings and other information that is not available to the public;

2.     The disclosure of the confidential information listed in paragraph 1, *supra*, would result in the invasion of Defendant's privacy, unwanted media attention due to Defendant's celebrity status, damage to Defendant's career, disclosure of information about Defendant's child and family, and personal embarrassment.

3.     It would serve the interests of the parties and justice to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     This Protective Order shall apply to all information, documents, testimony and things designated CONFIDENTIAL ("Confidential Information") by Defendant or nonparties as provided in this Order.  As used herein, "Confidential Information" means any information, documents, testimony and things so designated as more fully limited in paragraph 3a below.

2.     All Confidential Information is provided solely for the purpose of this litigation between the parties and may not be used for any other purpose, except by leave of court on motion with notice to all interested parties.

3.     Each affidavit or portion thereof, each deposition transcript or portion thereof, each interrogatory answer or portion thereof, each document or portion

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

[PROPOSED] PROTECTIVE ORDER

thereof, which is deemed by a party or by a nonparty producing same that discloses Confidential Information will be so identified and labeled CONFIDENTIAL as follows:

a.     Defendant or nonparty may designate material or testimony CONFIDENTIAL only if it, in concurrence with its counsel and in good faith, deems that a reasonable basis exists for limiting dissemination of the material or testimony under the standards of FRCP 26 and that the material or testimony contains confidential business information; confidential personal financial information; sensitive personal information such as health records, family law records, or attorney-client communications; or other specific personal information that has not been made available to the public.

b.     In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the Defendant or nonparty may identify and mark Confidential Information at the time when an affidavit, pleading or memoranda is served, when the answer to the interrogatory or request for admission is served, when a copy of a document is provided or at the time of the inspection of the premises or thing.

c.     In the case of a depositions and deposition transcripts, the Defendant or nonparty shall advise opposing counsel and the Court Reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript.  The Court Reporter shall conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL - PURSUANT TO COURT ORDER.  Until the expiration of the 30 day period, the entire transcript shall be deemed CONFIDENTIAL absent an agreement by the parties on the record.

4.     Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response, will not prevent a subsequent confidentiality designation by letter or email to counsel of record promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt that communication shall not be a violation of this Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such communication.

5.     Unless and until the Court rules that any material so identified as CONFIDENTIAL is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of such Confidential Information, shall be limited to:

a.     The parties to this lawsuit.

b.     Outside litigation Counsel of Record and their partners, associates, and their employees (including full-time stenographic, clerical and paralegal employees), and outside copy services whose functions require access to such Confidential Information and who agree to be bound by the terms of this Order.

c.     Independent experts or consultants for a party, and their full-time clerical employees who are not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action provided.

d.     Persons appearing for deposition provided that such persons: (l) authored or received such Confidential Information; (2) are established as being knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony; or (3) is a current employee of the party (or non-party) that produced the Confidential Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Confidential Information).  If a nonparties' Confidential Information is involved, that nonparty

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to nonparties as well.

e.   The Court and its officers (including court reporters);

f.   Any person who is employed by or is an officer of the parties, provided that such person executes Exhibit A and agrees to be bound by this Order;

g.   Any other person provided that such person executes Exhibit A and agrees to by bound by this Order.

6.   To the extent Confidential Information is included in any pleading, paper, or other document filed with the Court, the party filing such Confidential Information shall lodge such information under seal in compliance with this Court's Orders and Local Rule 79-5.

7.   This Protective Order shall not foreclose any of the parties from moving this Court for an order that designated materials are not within the scope of protection afforded by FRCP Rule 26.  The party designating the material shall have the burden of proving that the designation is proper.

8.   This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief therefrom or for further or additional protective orders, pursuant to Local Rule 37, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.  No modification of this order will have the force or effect of a Court Order unless the Court approves the modification.

9.   Subject to the limitations of this Protective Order, Confidential Information identified in accordance with paragraph 3 hereto may be used during discovery, in connection with any motion, at the trial and/or appeal of this action, or for any other purpose as this Court may allow.

10.   In the event that a party desires to provide access to Confidential Information hereunder to any person or category of persons not included in paragraph 5 hereof or under terms and conditions other than as the parties have agreed pursuant

to paragraph 5, the party desiring to provide access shall move this Court for an order that such person or category of persons may be given access to the Confidential Information under such terms and conditions as the party shall designate in its motion papers.  All such motions must be brought in strict accordance with Local Rule 37.  In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have first agreed in writing to be bound by the terms of this Protective Order and have signed a copy of Exhibit "A" hereto.

11.    Within ninety (90) days after final termination of this case, receiving counsel shall: 1) return all copies and samples of Confidential Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof, except, however, counsel may retain one copy of any pleading, interrogatory response, deposition transcript, or other document containing such Confidential Information, subject to paragraphs 12 and 13 below; and 2) provide copies of Exhibit A signed by individuals that agreed to be bound by this Protective Order.

12.    No copy of any deposition transcript or any portion thereof designated as Confidential Information shall be prepared or furnished by the reporter to any person other than to the outside counsel of record for the parties or counsel for the witness that was deposed.  Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information, unless the transcript and all papers referencing the transcript are filed under seal.  If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with paragraph 7 above unless otherwise agreed upon by the parties.

13.    In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as Confidential Information, the subpoenaed party shall promptly notify the designating party of the demand.  If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.  The procedures set forth in Local Rule 37 apply to this procedure as well. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action, however.

14.    This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

15.    Nonparties may produce information and documents that will be governed by the terms of this Order by agreeing in writing to be bound by the terms of this Order and following the procedure for designating Confidential Information described elsewhere in this Order.

16.    This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose.  Also, nothing contained herein shall impose any restrictions on the use or disclosure by the Receiving Party of information that: (a) was already known to such party by lawful means prior to its disclosure by the Designating Party in this action; (b) is or becomes publicly known through no fault of the Receiving Party; or (c) is rightfully received by the Receiving Party from a third party which has authority to provide such information and who is without restriction on the use or disclosure of such information.

[PROPOSED] PROTECTIVE ORDER

IT IS SO ORDERED:

DATED:  _December 15, 2011          /S/ Suzanne H. Segal

_____

Honorable Suzanne Segal
United States Magistrate Judge

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

EXHIBIT A

UNDERTAKING OF

I, _____ , state that:

1.     My address is

2.     My present employer is

3.     My present occupation or job description is

4.     My past and present business relationships with the party retaining my services are:

5.     A copy of my curriculum vitae is attached hereto.

6.     I have received a copy of the Protective Order in this action signed by the United States Magistrate Judge.

7.     I have read and understand all of the provisions of the Protective Order.

8.     I will hold in confidence and will not disclose to anyone not qualified under the Protective Order or use any materials designated CONFIDENTIAL which are disclosed to me except as permitted by that Order.

9.     Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

10.     I agree to return all CONFIDENTIAL materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.  I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after litigation between the parties has ended.

11.     I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order.

DATED:                    _____